JORDAN, Circuit Judge, concurring:
I join Judge Martin's thorough opinion for the court. I write separately to note *1220 that Mr. Isaacson, a class member and one of the appellants, may lack Article III standing to challenge the Article III standing of Dr. Muransky, the named plaintiff and class representative.
As a member of the class, Mr. Isaacson did not just file objections to the proposed settlement; he chose not to opt out and submitted a claim for compensation pursuant to the settlement agreement. Given that the proposed settlement fund totaled $4.1 million after attorney's fees, and that approximately 47,000 class members filed claims, Mr. Isaacson stands to receive about $85 even if his arguments about the attorney's fees and the incentive award fail. Although that sum is not a king's ransom, there is no doubt that Mr. Isaacson is going to realize some financial benefit from the settlement.
Article III's standing requirements-injury-in-fact, causation, and redressability-persist "throughout the life of [a] lawsuit." Wittman v. Personhuballah , --- U.S. ----, 136 S.Ct. 1732, 1736, 195 L.Ed.2d 37 (2016). As a result, standing "must be met by persons seeking appellate review, just as it must be met by persons appearing in courts of first instance." Hollingsworth v. Perry , 570 U.S. 693, 705, 133 S.Ct. 2652, 186 L.Ed.2d 768 (2013) (citation and quotation marks omitted). Because "standing is not dispensed in gross," it seems to me that Mr. Isaacson "must demonstrate standing for each claim he seeks to press and for each form of relief that is sought." Town of Chester v. Laroe Estates, Inc. , --- U.S. ----, 137 S.Ct. 1645, 1650, 198 L.Ed.2d 64 (2017) (citation and internal quotation marks omitted). If Mr. Isaacson "lacks standing to bring [a certain claim on] appeal, we lack jurisdiction over [that claim] and must dismiss it." Tennille v. Western Union Co. , 809 F.3d 555, 559 (10th Cir. 2015).
Mr. Isaacson certainly has standing on appeal to pursue his challenges to the deadline set by the district court for objections to the proposed settlement, to the attorney's fees awarded to counsel for the plaintiffs, and to the incentive award given to Dr. Muransky. An incorrect deadline could have certainly affected Mr. Isaacson's ability to assert objections to the motion for attorney's fees, and any decrease in the attorney's fees or the incentive award would be redistributed among the class members, potentially increasing Mr. Isaacson's own monetary recovery. But Mr. Isaacson has also challenged Dr. Muransky's standing to bring a FACTA claim in the first place, and it is with respect to that challenge that his standing is at best doubtful.
According to Mr. Isaacson-who happens to be a plaintiffs' class-action attorney-Dr. Muransky did not suffer an injury that allows him to bring a claim under FACTA because he "fail[ed] to allege that his credit suffered when he was handed a receipt with a few extra digits, or that anyone else knew of the violation or was in a position to take advantage of it to his injury." Br. for Mr. Isaacson at 34. In a recent law review article that he authored, Mr. Isaacson explained his motivation for challenging Dr. Muransky's standing in the following way: "I was troubled by the notion that a class representative who suffered no injury should be able to evade the burden of demonstrating his own Article III standing ... when entering [into] a class-action settlement that purports to release other class members' claims for actual damages." Eric Alan Isaacson, A Real-World Perspective on Withdrawal of Objections to Class Action-Settlements and Attorneys' Fees Awards: Reflections on the Proposed Revisions to Federal Rule of Civil Procedure 23(E)(5) , 10 Elon L. Rev. 35, 51 (2018) (footnotes omitted).
I do not doubt the sincerity of Mr. Isaacson's convictions, but it might fairly *1221 be said that one could be just as troubled by the notion that an appellant who suffered no injury from a judgment should be able to seek reversal without demonstrating that he has been injured by that judgment and has Article III standing. After all, the desire to ensure compliance with the law affects only the "generalized interest of all citizens in constitutional governance." Schlesinger v. Reservists Committee to Stop the War , 418 U.S. 208, 217, 94 S.Ct. 2925, 41 L.Ed.2d 706 (1974). See also Hollingsworth , 570 U.S. at 704, 133 S.Ct. 2652 ("The presence of a disagreement, however sharp and acrimonious it may be, is insufficient by itself to meet Art[icle] III's requirements.").
Mr. Isaacson, as noted, stands to gain financially from the settlement. How, then, can it be said that Mr. Isaacson suffered any cognizable harm (aside from his arguments as to the deadline for objections, the attorney's fees, and the incentive award) from the institution of the lawsuit by Dr. Muransky and/or the consummation and approval of the settlement which provided him with a tangible benefit? If Mr. Isaacson thought that the action brought by Dr. Muransky on behalf of a class did not constitute a justiciable case or controversy under Article III, why did he not simply opt out and let the statute of limitations expire on any FACTA claim he might have had individually? Conversely, if Mr. Isaacson thought that he (unlike Dr. Muransky) had Article III standing to assert a FACTA claim and believed that he could do better as an individual litigant, why did Mr. Isaacson not simply file suit on his own against Godiva?
Stated differently, if Mr. Isaacson prevailed on his standing argument, I do not see how we could redress any injury he has suffered. See Wittman , 136 S.Ct. at 1732 (dismissing appeal by intervenors who could not explain how their alleged injury would be redressed by a favorable judicial decision). Indeed, Mr. Isaacson will cause himself injury if he succeeds because his monetary recovery-along with that of every class member-will be wiped out. For if Dr. Muransky has not suffered an Article III injury, he does not have standing to sue Godiva under FACTA, and that means that the entire case must be dismissed for want of a justiciable case or controversy. See generally William B. Rubenstein, 1 Newberg on Class Actions § 2:8 (5th ed. June 2018) ("[I]f a case has only one class representative and that party does not have standing, then the court lacks jurisdiction over the case and it must be dismissed.").
The rule against permitting appeals by prevailing litigants is a prudential one, but a litigant who obtains a favorable judgment must nevertheless have a personal stake to appeal. See generally Camreta v. Greene , 563 U.S. 692, 701-02, 131 S.Ct. 2020, 179 L.Ed.2d 1118 (2011). In an appropriate case, we may need to address whether a class member like Mr. Isaacson has standing on appeal to challenge the standing of a class representative who obtained a settlement providing economic benefits to the entire class. Cf. King v. Cessna Aircraft Co. , 505 F.3d 1160, 1165 (11th Cir. 2007) ("if the requirements for appellate jurisdiction are not met 'we cannot review whether a judgment is defective, not even when the asserted defect is that the district court lacked jurisdiction' ") (citation omitted).